# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.P PHINISEE, *et al.*, : | |
|     **Plaintiffs,** : | |
| : | |
| v. : | **CIVIL ACTION NO 18-CV-3909** |
| : | |
| AARON FRIEWALD, *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**RUFE, J.**                                                                             **SEPTEMBER 25, 2018**

      Rasheena Phinisee filed this civil action on behalf of herself and her minor daughter, A.P., raising claims against five attorneys stemming primarily from her dissatisfaction with the resolution of a medical malpractice case based on harm caused to her daughter. Phinisee[1] seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss without prejudice any claims that Phinisee raises on behalf of her daughter, and will dismiss her claims for the reasons below.

## I.     FACTS AND PROCEDURAL HISTORY

      For the past eight years, Phinisee has been engaged in litigation stemming from injuries sustained by her daughter, efforts to settle those claims, and her apparent dissatisfaction with attorneys who have represented her. The Third Circuit Court of Appeals recently summarized the history of this dispute as follows:

>       Ms. Phinisee and A.P., through counsel, Derek Layser and Gilbert Spencer, filed a medical malpractice suit in 2010 under the Federal Tort Claims Act in the United States District Court for the Eastern District of Pennsylvania. They alleged that A.P. developed biliary atresia, a disorder that causes liver failure, as a result of her ingestion through breast milk of Macrobid, a medication prescribed for Ms. Phinisee at a federally-funded health care clinic. With the

---

[1] The Court will use Phinisee to refer to Rasheena Phinisee and A.P. to refer to her daughter.

parties' consent, the case was referred to a United States Magistrate Judge. The Government moved for summary judgment on the ground that Ms. Phinisee and A.P. could not establish the causal element of their negligence claim. While the Government's motion was pending, the parties attended a settlement conference where the Government offered to settle the case for $1.2 million. With Ms. Phinisee's authorization, her counsel accepted the offer. The day after the conference, Ms. Phinisee informed her counsel that she had decided to withdraw her acceptance because she had discovered that the settlement proceeds, which were to be placed in a special needs trust for the benefit of A. P., were subject to a lien held by the Pennsylvania Department of Public Welfare ("DPW") for past medical expenses paid through Medicaid. The amount of the lien was $703,491.25. Ms. Phinisee then discharged her counsel and retained new counsel.

In May, 2012, the Government moved to enforce the settlement agreement. At a hearing on this motion, Ms. Phinisee testified that she had not been informed of the DPW Medicaid lien and, upon learning of its existence, no longer believed that the Government's offer adequately protected A.P. She additionally argued that the settlement conference could not have resulted in a binding agreement because the Government's offer was contingent upon its ability to obtain approval from the Assistant U.S. Attorney General, and because her former counsel had misled her into dropping claims brought in her own name. Former counsel testified that the Medicaid lien was discussed with Ms. Phinisee on the day of the conference; that she was happy with the $1.2 million offer; and that she authorized them to accept it.

The Magistrate Judge granted the Government's motion to enforce the settlement on August 6, 2012. Former counsel then filed a petition for minor's compromise, and the Magistrate Judge approved it on September 4, 2012. Ms. Phinisee and A.P. then moved unsuccessfully for reconsideration of both rulings. On appeal to this Court, they contended that the Magistrate Judge erred in granting the Government's motion to enforce the settlement; in denying reconsideration of the enforcement ruling; and in approving the petition for minor's compromise. We affirmed in a non-precedential opinion, holding that the settlement was enforceable; that due process was not violated by former counsel's filing of the petition for minor's compromise; and that the petition for minor's compromise was not substantively inadequate, see A.P. ex rel. Phinisee v. United States, 556 F. App'x. 132 (3d Cir. 2014).

The Department of Health and Human Services paid the $1.2 million settlement on September 10, 2014. The amount owed specifically to Ms. Phinisee and A.P. after attorneys' fees—$859,587.73—was placed in an escrow account of the Law Firm of Layser & Freiwald, pending the creation of a special needs trust and the resolution of the DPW Medicaid lien. The funds remain in the escrow account undistributed to this day. In the meantime, Ms. Phinisee again sought new counsel [Dennis Friedman] and sued her former attorneys [Derek Layser, Gilbert Spencer, Spencer & Associates, and Layser & Freiwald, P.C.] for negligence,

> alleging that they induced her to settle for significantly less than the value of her claim. The District Court granted former counsel's motion to dismiss this negligence action, and we affirmed on appeal in a non-precedential opinion, see Phinisee v. Layser, 627 F. App'x. 118 (3d Cir. 2015).
>
> In August, 2017, nearly three years after the settlement was paid, Ms. Phinisee filed a pro se Rule 60(b)(6) motion and amended motion, alleging fraud on the court in connection with the settlement, which she again argued was inadequate. The Magistrate Judge summarily denied the Rule 60(b)(6) motion and the case was reassigned to a new Magistrate Judge. In September, 2017, Aaron J. Freiwald, Esquire, of Friewald Law (formerly, Layser & Freiwald, P.C.), petitioned the Magistrate Judge for the appointment of a guardian *ad litem* for A.P., on the ground that the settlement proceeds had yet to be distributed and were not being used for their intended purpose. Ms. Phinisee renewed her request for Rule 60(b)(6) relief.
>
> At the direction of the Magistrate Judge, the U.S. Attorney submitted a response to the Rule 60 motion and to attorney Friewald's petition for the appointment of a guardian *ad litem* for A.P. The U.S. Attorney responded that, in September, 2016, Ms. Phinisee retained attorney Kevin Buttery to complete the necessary legal requirements for the settlement funds to be made available to A.P. It appeared to the U.S. Attorney that Buttery made substantial progress toward that goal; however, the attorney-client relationship broke down, and he terminated his representation by way of an August 16, 2017 letter. The U.S. Attorney was unaware of any further efforts by Ms. Phinisee to obtain new counsel.
>
> On November 21, 2017, Ms. Phinisee emailed the District Court Clerk's Office, seeking relief. On November 22, 2017, the Magistrate Judge ordered that the email be disregarded, and advised Ms. Phinisee to file a memorandum replying to the U.S. Attorney's response and attorney Friewald's petition, and a proper motion if she desired relief. Ms. Phinisee then filed the required reply memorandum.
>
> In an order entered on January 10, 2018, the Magistrate Judge denied Ms. Phinisee's Rule 60(b)(6) motion to reopen the settlement on the merits and as untimely filed, and granted the petition for appointment of a guardian *ad litem.* With respect to appointment of a guardian *ad litem*, the Magistrate Judge noted the need to bring this litigation to an end for the sake of A.P.

*A.P. by & through Phinisee v. United States*, No. 18-1141, 2018 WL 2438148, at *1–2 (3d Cir. May 31, 2018) (footnote omitted). The Third Circuit, in addressing Phinisee's appeal of the denial of her Rule 60(b) motion, dismissed the appeal to the extent it raised A.P.'s interests because "a non-attorney parent must be represented by counsel to the extent that the parent

3

brings an action to pursue claims on behalf of her child," and no attorney had entered an appearance on behalf of A.P. *Id.* at *2. To the extent Phinisee was pursing her own interests, the Third Circuit affirmed the denial of her motion and concluded that it was appropriate for the Magistrate Judge to appoint a guardian *ad litem* "for A.P.'s sake and to bring this case to a close." *Id.* at *3.

Despite having lost her appeal, Phinisee filed another motion in the 2010 case seeking to reopen the judgment. *See Phinisee v. United States*, Civ. A. No. 10-1253 (E.D. Pa.) (ECF No. 123). On August 17, 2018, the Honorable Richard A. Lloret, who is presiding over the 2010 case, ordered the parties to provide an accounting of the funds in escrow and a list of recommendations of entities and/or individuals who would be able to serve as guardian *ad litem* for A.P. Judge Lloret also scheduled a hearing on the matter for September 28, 2018 "for the purpose of resolving any objections to the accounting and appointing a suitable guardian ad litem for the minor, A.P." *Id.* (ECF No. 124).

On September 11, 2018, Phinisee initiated the instant civil action on behalf of herself and A.P. against the lawyers who have represented her—Aaron Friewald,[2] Gilbert Spencer, Derek Layser, Dennis Friedman, and Kevin Buttery. Her Complaint, which is also styled as a motion for summary judgment, indicates that Phinisee is raising claims pursuant to 42 U.S.C. § 1983 based on allegations that her attorneys' "negligence" violated her and A.P.'s due process rights because they successfully petitioned for appointment of a guardian *ad litem*. Phinisee also attached to her Complaint documents filed in her 2010 case. She seeks damages.

Less than a week after filing her Complaint, Phinisee filed a document entitled "Supplemental Filing of Summary Judgment Void Settlement Agreement Under Statute of

---

[2] Friewald's name has also been spelled Freiwald. The Court has adopted the spelling used in the caption of Phinisee's Complaint in the instant civil action.

Frauds." (ECF No. 4.) In that filing, Phinisee argues for the invalidation of the settlement agreement for various reasons, including that it was procured based on fraud.

## II. STANDARD OF REVIEW

The Court will grant Phinisee leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*,

285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Phinisee is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. ANALYSIS

#### A. Claims Raised on Behalf of A.P.

As a non-attorney proceeding *pro se*, Phinisee may not represent her minor daughter in this civil action or raise claims on her daughter's behalf. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). The Court will thus dismiss without prejudice any claims raised on behalf of A.P.

#### B. Claims Under § 1983

To the extent Phinisee is raising claims on her own behalf, she cannot state a § 1983 claim for violation of her due process rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Accordingly, none of the attorneys whom Phinisee sued are state actors subject to liability under § 1983. To the extent

6

Phinisee intended to bring her constitutional claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), to recover for constitutional violations by federal actors, the same logic applies. *See Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991) ("[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials."). Accordingly, Phinisee cannot state a claim for a constitutional violation against the Defendants under § 1983 or *Bivens*, so the Court must dismiss those claims.

### C. Legal Malpractice Claims

It also appears that Phinisee is raising legal malpractice claims against the Defendants. However, at least some of those claims are barred. *Res judicata*, or claim preclusion, bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). Phinisee has already sued her original counsel unsuccessfully. Accordingly, any claims arising out of their representation of her are barred by the doctrine of claim preclusion.

Similarly, it appears that Phinisee is attempting to relitigate matters that have already been addressed by this Court and the Third Circuit, including the propriety of the settlement, the appointment of a guardian *ad litem* for her daughter, and whether her original attorneys acted negligently in their handling of her and A.P.'s claims. To the extent she is trying to do so, the Court concludes that her claims are duplicative and should be dismissed as malicious. Phinisee

may be disappointed that the litigation did not resolve in the manner she had hoped but she may not repeatedly litigate the same claims in the hope of getting a different result.

To the extent Phinisee raises claims that are not barred or duplicative it is not clear what those claims are or that the Court has jurisdiction over those claims.[3] Because the Court has dismissed Phinisee's federal claims, the Court will not exercise supplemental jurisdiction over Phinisee's remaining legal malpractice claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Phinisee's prior lawsuit against her counsel was removed to federal court pursuant to the Court's diversity jurisdiction. *Phinisee v. Layser*, 627 F. App'x 118, 121 (3d Cir. 2015) ("The District Court had jurisdiction pursuant to 28 U.S.C. § 1332"). Here, however, Phinisee has not specified any of the parties' citizenship and she has provided a Pennsylvania address for herself and Pennsylvania addresses for three of the four Defendants. Accordingly, it is not clear that diversity jurisdiction exists here.

---

[3] The only possible claims here would appear to be brought against Friedman and Buttery, who served as her counsel and who were not included as Defendants in the first malpractice litigation, though it is not clear what specific claims would remain. It is also not clear why any residual issues concerning the appointment of a guardian could not be addressed at the upcoming hearing, where Phinisee will be given an opportunity to be heard on her claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Phinisee leave to proceed *in forma pauperis*, dismiss any claims raised on behalf of A.P. without prejudice, and dismiss Phinisee's claims for failure to state a claim, as barred and malicious, and for lack of subject matter jurisdiction. Phinisee will be given leave to amend in the event she can state a basis for subject matter jurisdiction over a legal malpractice claim against Friedman or Buttery that does not relitigate matters already addressed in her prior cases. She may not raise any claims on behalf of A.P., as A.P.'s claims may only be raised through counsel. To the extent Phinisee requests summary judgment, her requests are denied because the Court has dismissed her claims and because any request for summary judgment is premature. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**